IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL LEDELL TURNER,

                Plaintiff,                OPINION AND ORDER

v.

                                        22-cv-95-wmc

SHAWN SCHNELLE, ZACHARY
JOHNSON, BOBBI JO, CLAY
THIEME, LOR, and MOLLY,

                Defendants.

Plaintiff Michael Ledell Turner, representing himself, claims defendants placed him in a "freezing cold," isolation cell at the Marathon County Jail, then subjected him to excessive force. Based on his allegations, the court granted Turner leave to proceed on Fourteenth Amendment, conditions-of-confinement and excessive-force claims. (Dkt. #8 at 6.) Defendants have now filed a motion for summary judgment, arguing that Turner did not exhaust his administrative remedies as to any of his claims before filing this federal lawsuit.[1] (Dkt. #36.) For the following reasons, it appears plaintiff has failed to exhaust any claims based on defendants' use of excessive force, making them subject to dismissal without prejudice. However, substantial concerns have been raised as to the accuracy of some of Turner's factual averments regarding the conditions of his confinement. Accordingly, the court will set this matter for an evidentiary hearing before ruling on defendants' pending motion for summary judgment.

---

[1] Defendant jail officers Johnson, Lor, Schnelle and Thieme filed the summary judgment motion, which defendant medical staff Molly and Bobbi Jo later joined. (*See* dkt. ##39, 45.)

OPINION

Plaintiff's claims are based on alleged events at the Marathon County Jail on January 8 and 9, 2022.  Specifically, he alleges that Marathon County Jail Officers Shawn Schnelle and Zachary Johnson, with the approval of Nurses Molly and Bobbi Jo, confined him to "a cell with freezing cold air" on January 8, even though they knew that would exacerbate his asthma.  (Dkt. #1 at 4.)  The next day, when plaintiff tried to complain about receiving another inmate's medication, he alleges that Jail Officers Schnelle, Johnson, Clay Thieme and "Lor" responded with excessive force.

Under the Prison Litigation Reform Act ("PLRA"), before an inmate may bring a federal claim about events in prison, the inmate must first exhaust all "administrative remedies as are available."  42 U.S.C. § 1997e(a).  Thus, to exhaust administrative remedies, an inmate must pursue each step of the jail's administrative grievance process, including filing an initial grievance and all necessary appeals.  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  Moreover, complete exhaustion "is necessary even if … the prisoner believes that exhaustion is futile."  *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006).

The purpose of this exhaustion requirement is to afford jail administrators a fair opportunity to resolve an inmate's grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  As a result, an inmate's failure to exhaust constitutes an affirmative defense, which defendants must prove *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018), and at summary judgment, a defendant must show in particular that there is no genuine dispute of material fact as to the plaintiff's failure to exhaust, entitling defendant to

2

dismissal without prejudice. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) (failure to exhaust requires dismissal of a prisoner's case without prejudice).

Here, plaintiff acknowledges the Marathon County Jail grievance procedure described in its rulebook. (Dkt. #38-1 at 23-24.) Specifically, an inmate has 48 hours after an incident to submit a grievance, either via a kiosk or, if in a receiving cell, on paper. A grievance may not include more than one issue, and the grievance form must be properly completed. Upon receipt, a shift lieutenant has five days to investigate and respond in writing to a grievance. The inmate may then submit a written appeal to the Deputy Jail Administrator within two days of receiving a negative response, to which the Deputy has ten working days to rule. If still unsatisfied, the inmate may write to the Jail Administrator for a final administrative ruling.

Based on the evidence presented at summary judgment, a reasonable factfinder would have to conclude that plaintiff failed to exhaust all administrative remedies as to his excessive force claim. Indeed, in response to defendants' averments that plaintiff pursued *no* grievance as to excessive force, plaintiff only submitted evidence that force was used against him in the form of incident reports by defendants Thieme, Johnson, and Schnelle. However, these reports are decidedly *not* proxies for a properly submitted grievance notifying the jail that plaintiff believes the force used by officers was excessive. Plaintiff also submitted a January 13, 2022, "report" labeled as "appealing hearing decision," which purports to challenge the truthfulness of each officer's report and complains about the procedures at his disciplinary hearing. (Dkt. #47-1 at 4.) In response, the Deputy Jail

3

Administrator concludes that there is "no reason to overturn the discipline [plaintiff] received." (*Id.* at 5.) Of course, an appeal from a conduct report is no more an exhaustion of an inmate grievance than issuance of the conduct report itself.

Finally, even if this appeal could somehow be construed as an attempt to appeal an inmate grievance, it does not include *any* allegations of excessive force and, therefore, could not serve to exhaust plaintiff's administrative remedies as to those claims. While plaintiff also contends that defendants refused to produce a copy of a written grievance he submitted to "floor officers" about the use-of-force incident (dkt. #47-1 at 8), he does not indicate *when* he submitted this grievance or *who* responded. Worse, his evidence of requests for copies references a grievance against medical staff concerning the "wrong medication," not excessive force (*id.* at 10-15). Similarly, the Deputy Administrator's response addresses this same medication distribution issue. (*Id.* at 15.) Therefore, plaintiff has not created a genuine dispute of material fact as to whether he exhausted his excessive force claims, and defendants are entitled to summary judgment on that basis alone. Under the circumstances, the court would typically dismiss the excessive force claims without prejudice to plaintiff refiling them if he can successfully exhaust them now, although a pyrrhic victory for plaintiff at best given how much time has passed since the relevant events occurred and the likelihood that they are time barred.

However, the court will reserve ruling on plaintiff's excessive force claims for now, since the court has also determined an evidentiary hearing under *Pavey v. Conley* 544 F.3d 739, 742 (7th Cir. 2008), is necessary as to plaintiff's conditions-of-confinement claims, which may justify dismissal of the entire case *with* prejudice as a sanction for plaintiff's

possible fraud on the court. Specifically, in support of exhaustion, plaintiff represents that he submitted a January 14, 2022, letter to the Jail Administrator concerning "Safety and well being in Marathon/violation of my rights while residing in this facility. Placed in cold cell." (Dkt. #47-1 at 6.) Although this letter was not filed in accordance with jail grievance procedures either, the reference to being housed in a cold cell arguably provides notice of plaintiff's claim that he was kept in a cold cell for ten days, which allegedly aggravated his breathing difficulties. However, defendants now purport to have produced the original copy of this letter in reply, and they note that the additional sentence, reading "Placed in cold cell," is absent from it. (*See* dkt. #51-1 at 1.) Moreover, neither the letter itself nor the response references cell temperature, and plaintiff is not proceeding on a conditions-of-confinement claim that is based on the jail conditions this letter addresses.[2]

On this evidence, defendants request sanctions against plaintiff for falsifying the additional writing on the letter in hopes of salvaging his conditions-of-confinement claims. (Dkt. #55 at 3.) At minimum, a hearing is necessary to resolve this evidentiary dispute because it would arguably preclude a finding of exhaustion. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("A swearing contest requires an evidentiary hearing to resolve . . . [A] judge can resolve an issue of exhaustion . . . only after conducting an evidentiary

---

[2] To elaborate further, plaintiff's letter mainly alleges that he has not been able to shower or clean his cell, or access a telephone or kiosk for several days despite repeated requests to jail officers. (Dkt. #47-1 at 6-7.) However, plaintiff did not raise *any* of these allegations in his complaint (*see* dkt. #1) and is not proceeding on any claim based on those allegations. As noted above, in response to his letter, staff does not address cell temperature, but instead notes that plaintiff had received a "5 day lock down" after an "altercation with another inmate," and that: he had been able to use "the roll phone" once; he was allowed to shower every other day but sometimes refused to shower; and he had been offered cleaning supplies on specified dates. (*Id.* at 7.)

5

hearing.") (citing *Pavey*, 544 F.3d at 741-42)); *see also Hart v. Jenkins*, No. 11-cv-0582, 2012 WL 1037953, at *5 (E.D. Wis. Mar. 27, 2012) (denying a defendants' motion for summary judgment "at this time, but . . . conduct[ing] a *Pavey* hearing to resolve the factual disputes regarding exhaustion in this case."). To reduce the logistics and security issues, the court will direct the clerk of court to schedule this hearing by video conference. The parties should be prepared to address the authenticity of their copies of the letter, both of which were already submitted to the court, and to submit *in advance* of the hearing any other evidence they intend to use in support, along with a list of witnesses they intend to call.

Of course, if the court concludes that plaintiff *has* falsified any part of the January 14, 2022, letter he submitted, or that he has been otherwise dishonest in his court filings before or during this evidentiary hearing, this *entire* case will likely be dismissed *with prejudice*.[3]

ORDER

IT IS ORDERED that:

1) The court RESERVES ruling on defendants' motion for summary judgment on exhaustion grounds (dkt. #36) pending presentation of evidence at a *Pavey* hearing concerning plaintiff's Fourteenth Amendment conditions-of-confinement claims against defendants Shawn Schnelle, Zachary Johnson, and nurses Bobbi Jo and Molly.

---

[3] Falsifying evidence and perjury are serious misconduct, and the Court of Appeals for the Seventh Circuit has affirmed dismissal with prejudice as an appropriate sanction in similar cases. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 402 (7th Cir. 2015) (affirming a dismissal with prejudice as a sanction for falsifying evidence); *see also Rivera v. Drake*, 767 F.3d 685, 686-87 (7th Cir. 2014) (affirming a dismissal with prejudice as a sanction when an inmate perjured himself to circumvent an exhaustion defense).

2) The clerk of court is directed to set a hearing over video conference to resolve the factual dispute over whether plaintiff exhausted his administrative remedies with respect to his conditions-of-confinement claims and whether plaintiff falsified evidence of exhaustion.  Both sides have until May 6, 2024, to submit their witness lists as discussed above.

3) The May 6, 2024, dispositive motions deadline is STRUCK to be reset if necessary after the court rules on defendants' motion for summary judgment. (Dkt. #39.)  The remaining case deadlines remain in place.

Entered this 22nd day of April, 2024.

                                BY THE COURT:

                                /s/

                                _____
                                WILLIAM M. CONLEY
                                District Judge