IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MICHAEL LEDELL TURNER,

                Plaintiff,                OPINION AND ORDER

    v.                                                        22-cv-95-wmc

SHAWN SCHNELLE, ZACHARY
JOHNSON, BOBBI JO, CLAY
THIEME, LOR, and MOLLY,

                Defendants.

Plaintiff Michael Ledell Turner, representing himself, alleges that he was placed in a "freezing cold" isolation cell at the Marathon County Jail for at least 10 days despite being aware of his asthma condition, then subjected to excessive force. Based on his allegations, the court granted Turner leave to proceed on conditions-of-confinement and excessive-force claims. (Dkt. #8 at 6.) Defendants filed a motion for summary judgment, arguing that Turner did not exhaust his administrative remedies as to either claim before filing this federal lawsuit.[1] (Dkt. #36.) The court reserved ruling on the summary-judgment motion and set this matter for an evidentiary hearing on the issue of exhaustion and to address allegations of evidence tampering. (Dkt. #75.) For the following reasons, the court will now grant defendants' motion for summary judgment and will dismiss this case without prejudice for lack of exhaustion.

OPINION

The plaintiff alleges that while confined at the Marathon County Jail on January 8,

---

[1] Defendants Johnson, Lor, Schnelle and Thieme filed the summary judgment motion, which Medical staff Molly and Bobbi Jo later joined. (*See* Dkt. #39 and Dkt. #45.)

2022, Jail Officers Shawn Schnelle and Zachary Johnson, with the approval of Nurses Molly and Bobbi Jo, confined him to "a cell with freezing cold air" for ten days, even though they knew it would exacerbate his asthma. (Dkt. #1 at 4.) The plaintiff alleges further that Officers Schnelle, Johnson, Clay Thieme, and "Lor" used excessive force against him the following day, when he tried to complain about receiving another inmate's medication. (*Id*. at 5.)

As detailed previously, defendants have presented evidence showing that the plaintiff did not file a grievance about the alleged use of excessive force, and he did not exhaust available administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit. (Dkt. #75 at 4.) An inmate's failure to exhaust constitutes an affirmative defense, which defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). At summary judgment, a defendant must show in particular that there is no genuine dispute of material fact as to the plaintiff's failure to exhaust, entitling the defendant to dismissal without prejudice. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 322 (1986); *Miles v. Anton*, 42 F.4th 777, 780 (7th Cir. 2022) (failure to exhaust requires dismissal of a prisoner's case without prejudice).

In advance of an evidentiary hearing under *Pavey v. Conley* 544 F.3d 739, 742 (7th Cir. 2008), the court addressed plaintiff's remaining conditions-of-confinement claim, concluding that even if plaintiff had timely complained about being placed in a "cold cell," it would not have been sufficiently specific to preserve or properly exhaust that claim. Regardless, because the plaintiff acknowledged that he did not wish to proceed or dispute

2

the issue of exhaustion further, the defendants agreed to entry of summary judgment on that affirmative defense. Accordingly, the court will dismiss the complaint without prejudice as unexhausted.

ORDER

IT IS ORDERED that:

1) The defendants' motion for summary judgment on exhaustion grounds (dkt. #36) is GRANTED.

2) The plaintiff's complaint (dkt. 1) is DISMISSED without prejudice for lack of exhaustion.

3) The clerk of court is directed to enter judgment in favor of the defendants.

Entered this 13th day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge